

1 | UTZURRUM LAW OFFICES, A.P.C.
Joe Utzurrum, Esq.
2 | Cal Bar Number 171701
620 Newport Center Drive
3 | Suite 1100
Newport Beach, California 92660
4 | Telephone: (949) 852-8198

5 | Attorneys for Plaintiff, MATHEW DAVIS

FILED

10 MAR 15 AM 10: 24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

9 | **UNIITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

11 | MATHEW DAVIS,

Case No. **CV 10- 01 8 37-DMG(Cwx)**

12 | Plaintiff,

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

13 | vs.

1. Violation of Civil Rights (42 U.S.C. §1983)

14 | GLENDALE UNIFIED SCHOOL DISTRICT,
ZAVEN SHAMOYAN, MICHAEL F.
15 | ESCALANTE, LINDA EVANS,
CHRISTOPHER COULTER, MARK BROWN,
16 | SUNGSOOK KIM, CHARLOTTE
SASSOUNIAN, MARY W. BORGER, GREG
17 | KRIKORIAN, NAYIRI NAHABEDIAN,
JOYLENE WAGNER, CHRISTINE WALTERS,
18 | TAMAR KATAROYAN, H.A. PAZ, COUNTY
OF LOS ANGELES, SCOTT SHINAGAWA and
19 | DOES 1 through 10, inclusive,

20 | Defendants.

2. Violation of Civil Rights –California Constitution
3. Intentional Infliction of Emotional Distress
4. Slander
5. Libel
6. BANES ACT VIOLATION

Judge:

Dept.:

Trial Date: To be determined
Trial Time: To be determined

21 | Plaintiff, MATHEW DAVIS ("DAVIS"), alleges as follows:

22 | **I. JURISDICTION AND VENUE**

23

24 | 1. DAVIS' claim is based on, among others, the violation of DAVIS' civil rights under the United

25 | States Constitution. As such, this case is brought pursuant to 42 USC §1983 and appropriate

26 | statutes of the State of California. DAVIS' action arises under the Fourth, Fifth and Fourteenth

27 | Amendments to the United States Constitution and the Constitution and laws of the State of

28 | California.

Civil Complaint for Damages and Demand for
Jury Trial

2. This court has jurisdiction pursuant to 28 USC §§1331 and 1343 and supplemental jurisdiction over state claims pursuant to 28 USC §1367(a).

3. The claims herein arose in Glendale, California. Therefore, venue lies in the Central District of California pursuant to 28 USC §1391(b)(2).

## II. INTRODUCTION

4. This Complaint for Damages is by, DAVIS, who is a citizen of the United States against defendant, GLENDALE UNIFIED SCHOOL DISTRICT (hereinafter "GUSD") and its agents a) who supervised and were involved in and responsible for school law enforcement; b) who supervised, were involved in and were responsible for the suspension and expulsion of plaintiff; and c) who supervised, were involved in and responsible for processing, enforcing, documenting and administering accusations relating to alleged student misconduct and furthermore the COUNTY OF LOS ANGELES (hereinafter "COUNTY") and its d) supervisors and deputy sheriffs who, all, under color of their authority, unlawfully accused, detained, arrested, searched, interrogated, harassed, restrained and defamed plaintiff. Furthermore, plaintiff makes his Compliant for Damages against the supervisors of GUSD and supervisors of COUNTY and holds such supervisors responsible for the conduct of the individual defendant agents and for such supervisors' deliberate indifference and gross negligence in GUSD's and COUNTY's hiring of agents, training of agents, supervising of agents and dispensing of disciplinary procedures. In addition, GUSD and COUNTY are responsible for plaintiff's damages in that they were deliberately indifferent to the Constitutional rights of plaintiff and others similarly situated by GUSD's and COUNTY's custom, policy, practice and decision 1) to not take corrective action against personnel whose propensities for unlawful conduct were known, 2) to not assure proper training and supervision of personnel, 3) to not implement meaningful procedures which would discourage unlawful official and individual conduct.

Civil Complaint for Damages and Demand for Jury Trial

226054.1

III. **THE PARTIES**

5.  Plaintiff, DAVIS was, and at all times relevant was, a student at Crescenta Valley High School, located in the City La Crescenta, California (hereinafter "CVHS"), and a Citizen of the United States.

6.  Defendant, GUSD, at all relevant times, was a Municipal Corporation within the State of California, and at all relevant times employed all school agents and school personnel mentioned and referenced in the complaint herein. GUSD is otherwise a public entity organized and existing under the laws of the State of California. GUSD will be included when referenced as "defendant" or "defendants", unless excluded and as the context implies.

7.  Defendant, MICHAEL F. ESCALANTE, is, and at all relevant times was, the GUSD Superintendent, (hereinafter "SUPERINTENDENT") who had a mandatory duty to inform and advise the BOARD on education-related matters including a) the acceptable conduct of the GUSD Law Enforcement Agents (defined *infra*.) of CVHS; b) the acceptable conduct of those involved in and who were responsible for the suspension and expulsion of plaintiff; and c) the acceptable conduct of those who supervised, were involved in and responsible for processing, enforcing, documenting and administering accusations relating to alleged student misconduct . Plaintiff sues SUPERINTENDENT both individually and in his official capacity. SUPERINTENDENT will be included when referenced as "defendant" or "defendants", unless specifically excluded or as the context implies.

8.  MARY W. BORGER ("BORGER"), GREG KRIKORIAN ("KRIKORIAN"), NAYIRI NAHABEDIAN ("NAHABEDIAN"), JOYLENE WAGNER ("WAGNER") and CHRISTINE WALTERS ("WALTERS") are, and at all relevant times were, members of the Board of Education of GUSD and who have and had the duty to set the GUSD educational policy, including a) the acceptable conduct of the law enforcement agents of GUSD and CVHS; b) the acceptable conduct of those involved in and who were responsible for the suspension and expulsion of plaintiff; and c) the acceptable conduct of those who supervised, were involved in and responsible for processing, enforcing, documenting and administering accusations relating to alleged student misconduct. Plaintiff sues BORGER, KRIKORIAN, NAHABEDIAN, WAGNER and WALTERS (hereinafter "the BOARD"), both individually and in and their

3

Civil Complaint for Damages and Demand for Jury Trial

1  official capacity. The BOARD and its individual members will be included when referenced as
2  "defendant" or "defendants", unless specifically excluded or as the context implies.
3  9. LINDA EVANS ("EVANS"), CHRISTOPHER COULTER ("COULTER"), MARK BROWN
4  ("BROWN"), SUNGSOOK KIM ("KIM"), CHARLOTTE SASSOUNIAN
5  ("SASSOUNIAN"), TAMAR KATAROYAN ("KATAROYAN"), H.A. PAZ ("PAZ") are, and
6  at all relevant times were, members of the CVHS ADMINISTRATION and who have and had
7  the duty to administer and implement the GUSD educational policy, including a) the acceptable
8  conduct of the law enforcement agents of GUSD and CVHS; b) the acceptable conduct of those
9  involved in and who were responsible for the suspension and expulsion of plaintiff; and c) the
10  acceptable conduct of those who supervised, were involved in and responsible for processing,
   enforcing, documenting and administering accusations relating to alleged student misconduct.
11  Plaintiff sues EVANS, COULTER, BROWN, KIM and SASSOUNIAN (hereinafter "the
12  CVHS ADMINISTRATION"), both individually and in and their official capacity. The CVHS
13  ADMINISTRATION and its individual members will be included when referenced as
14  "defendant" or "defendants", unless specifically excluded or as the context implies.
15  10. CVHS is a school under the control of the GUSD, the BOARD, SUPERINTENDENT and the
16  CVHS ADMINISTRATION.
17  11. Defendant, ZAVEN SHAMOYAN (hereinafter "SHAMOYAN") is, and at all relevant times
18  was, employed by GUSD as a law enforcement agent. Plaintiff sues SHAMOYAN both
19  individually and in his official capacity. SHAMOYAN will be included when referenced as
20  "defendant" or "defendants", unless specifically excluded or as the context implies.
21  12. SHAMOYAN and the other involved GUSD law enforcement agents will sometimes be
22  referred to as "GUSD Law Enforcement Agents". Each such other individual who was one of
23  the GUSD Law Enforcement Agents is sued both individually and each in their individual
24  capacities. GUSD Law Enforcement Agents will be included when referenced as "defendant"
25  or "defendants", unless specifically excluded, or as the context implies.
26  13. Defendant, COUNTY OF LOS ANGELS (hereinafter "COUNTY"), at all relevant times, was a
27  Municipal Corporation within the State of California, and at all relevant times employed all
28  deputy sheriffs mentioned and referenced in the complaint herein. COUNTY is otherwise a
   public entity organized and existing under the laws of the State of California. COUNTY will be

4                    Civil Complaint for Damages and Demand for
                                                    Jury Trial

FEINBERM LAW OFFICES, A.P.C.

226054.1

1   included when referenced as "defendant" or "defendants", unless specifically excluded or as the

2   context implies.

3   14. Defendant, SCOTT SHINAGAWA (hereinafter "SHINAGAWA"), is, and at all relevant times

4   was, employed by the COUNTY as a deputy sheriff. Plaintiff sues SHINAGAWA both

5   individually and in his official capacity. SHINAGAWA will be included when referenced as

6   "defendant" or "defendants", unless specifically excluded or as the context implies.

7   15. The full extent of the facts linking the fictitiously named designated defendants with the causes

8   of action alleged herein is unknown to plaintiff, or the true names and/or capacities, whether

9   individual, plural, corporate, partnership, associate, or otherwise of defendants, DOES 1

10   through 10, inclusive, are unknown to plaintiff. Plaintiff therefore sues said defendants by such

11   fictitious names. Plaintiff is informed and believes, and thereon alleges that each of the

    defendants designated herein as a DOE is negligently, wantonly, recklessly, tortiously,

12   intentionally, strictly and unlawfully responsible in some manner for the events and happenings

13   herein referred to, and negligently, wantonly, recklessly, tortiously, intentionally, strictly and

14   unlawfully proximately caused injuries and damages thereby to plaintiff, as herein alleged.

15   Plaintiff will amend this Complaint to allege said defendants' true names and capacities when

16   such defendants have been ascertained. Each reference to "defendant," "defendants," or a

17   specifically named defendant, refers to all defendants sued under fictitious names and any other

18   named defendant.

19   16. At all times herein mentioned, each defendant was the agent, principal, master, servant,

20   employer, employee, partner and joint venturer of his co-defendants, and in doing the things

21   hereinafter mentioned, was acting in the scope of his authority as such, and with the permission

22   and consent of his co-defendants, and each of them.

23   **IV. GOVERNMENT CLAIM**

24

25   17. DAVIS, through his attorney, Joe Utzurrum, presented a claim letter to GUSD pursuant to

26   California Government Code §§911, et seq. and on October 9, 2009 GUSD deposited its

27   Notice of Rejection of Claim in the U.S. mail. (a copy of the rejection letter and envelope

28   evidencing the certified letter is attached hereto as Exhibit "A" and incorporated herein by this

Utzurrum Law Offices, A.P.C

226054.1

1     reference.)

2 18. DAVIS, through his attorney, Joe Utzurrum, presented a claim letter to COUNTY pursuant to

3     California Government Code §§911, et seq. and on September 21, 2009 COUNTY deposited its

4     Notice of Rejection of Claim in the U.S. mail. (a copy of the rejection letter and envelope

5     evidencing the certified letter is attached hereto as Exhibit "B" and incorporated herein by this

6     reference.)

## V. FACTS

8 19. On March 16, 2009, plaintiff, DAVIS was a student at CVHS.

9 20. DAVIS is, and at all relevant times was a) a good student and involved in many positive school

10     related and community related extracurricular activities; b) a student without any prior criminal

11     history; c) a student without any prior involvement in selling and dealing illegal drugs or drug

    paraphernalia; d) a student who did not use illegal drugs or drug paraphernalia; e) a student

12     who did not associate with those who sold, dealt and/or used illegal drugs or drug

13     paraphernalia, and f) a student without any behavioral issues, or otherwise problems, all of

14     which were known to defendants and their agents.

15 21. The facts set forth in the immediately prior paragraph was at all times known by defendant, or

16     with reasonable inquiry and investigation, should have been known to defendants. However,

17     defendants chose to intentionally, or with reckless disregard of plaintiff's rights, not consider

18     such facts in:

19     (a) Assessing whether DAVIS could have been involved in a drug transaction;

20     (b) Assessing whether DAVIS was involved in drug transaction;

21     (c) Assessing whether DAVIS could have been involved in any criminal activity;

22     (d) Assessing whether DAVIS was involved in any criminal activity;

23     (e) Assessing whether DAVIS should have been suspended;

24     (f) Assessing whether DAVIS should have been prevented from entering CVHS property after

25        March 16, 2009;

26     (g) Determining and then publishing to third parties and uninterested parties that DAVIS was a

27        physical threat to students and others on GUSD campuses, both to persons internally within

28        GUSD and to persons who were not interested persons or integral to the determination of

6          Civil Complaint for Damages and Demand for
                                                               Jury Trial

1    the publishing of such statements about DAVIS;

2    (h) The making of any, and all, oral reports made regarding DAVIS' conduct and character;

3    and

4    (i) The preparation of any, and all, written reports made regarding DAVIS' conduct and

5    character.

6  22. Defendants herein, other than the COUNTY and SHINAGAWA, had a special duty to protect

7    DAVIS and make accurate representations as to his scholastic record and character as provided

8    for in the *California Education Code*, GUSD Code of Ethics and other statutes, as defendants

9    had knowledge that any misrepresentation would inevitably and necessarily affect the future of

10    DAVIS and students in similar circumstances.

23. On such date and after CVHS school hours, DAVIS was standing by his parked car parked in a

11    location not on CVHS property and off campus. DAVIS was with three friends, who were also

12    students at CVHS and incidentally ethnic minorities. DAVIS was parked and in accordance

13    and in compliance with the enforced GUSD and CVHS student restriction, i.e., not on the

14    school campus:

15    L. Motor Vehicles (cars, motorcycles, mopeds, and scooters)

16    Driving is a privilege, and students must operate their motor vehicles in
     accordance with traffic laws. Students are not to drive at unsafe speeds on street
17    adjacent to campus or in parking lots. "Burning rubber" is a violation. The intent
     of rules and laws is not to cause students trouble or incur monetary costs, but to
18    protect lives and property.

19
     1. Cars may be parked on city streets, but NOT on the school campus or in
20    reserved staff parking. Students should not block driveways or park in crosswalks.
     (Police citations may be issued to violators.) Students may not leave school during
21    the school day (other than lunch) to move their cars or retrieve items from their
22    cars.

23  24. On such date and after school hours, DAVIS was in no way involved in any drug transaction

24    and more importantly, his actions and the actions of his fellow students, could not, would not

25    and did not, appear to any person, including any law enforcement agent, that DAVIS was

26    involved in a drug transaction. DAVIS and his fellow students simply approached DAVIS' car

27    with an intent to drive home after the end of class and no person could, would or did perceive

28    that what occurred was anything more than a group of students approaching a car parked off

7                    Civil Complaint for Damages and Demand for
                                              Jury Trial

H[2010]03MLaw Offices, A P.C

226054.1

1  campus in accordance with CVHS and GUSD policy, with an intent to drive away after the

2  daily class schedule was completed, or otherwise at an authorized time the GUSD school

3  schedule.

4  25. Instead, CVHS ADMINISTRATION, SHAMOYAN and GUSD Law Enforcement Agents

5  intentionally, maliciously and otherwise with deliberate indifference chose to disregard and

6  deprive the rights and privileges afforded to citizens and persons that are, and at all relevant

7  times were, in the position of DAVIS on March 16, 2009 and thereafter. CVHS

8  ADMINISTRATION, SHAMOYAN's and GUSD Law Enforcement Agents' constitutional

9  deprivations, included, but limited to, the abuse by the CVHS ADMINISTRATION's,

10  SHAMOYAN's and the GUSD Law Enforcement Agents' of their discretionary and

mandatory duties and responsibilities, including but not limited to, by:

11  (a) Detaining DAVIS without any conceivable probable cause;

12  (b) Conducting an unlawful search of DAVIS' vehicle without probable cause or voluntary

13  consent;

14  (c) Conducting the search of DAVIS' vehicle which was beyond the scope of a permissible

15  search, even if one were to assume that CVHS ADMINISTRATION's, SHAMOYAN's and

16  GUSD Law Enforcement Agents' false facts, which they used as a pretense for their

17  unlawful search, was true;

18  (d) Lying about the description of the size, type and shape of the knife found in the glove

19  compartment of DAVIS' vehicle, which if truthfully described would not be considered

20  unlawful and thus would be a knife legal for DAVIS to have in his glove compartment;

21  (e) Detaining DAVIS and fabricating the basis for the detention, which included that

22  SHAMOYAN and GUSD Law Enforcement Agents had witnessed DAVIS involved in an

23  illegal drug transaction;

24  (f) Detaining DAVIS and fabricating the basis for the detention, which included that

SHAMOYAN and GUSD Law Enforcement Agents had witnessed DAVIS involved in

25  criminal activity;

26  (g) Causing the arrest of DAVIS and fabricating the basis for arrest, which included that

27  SHAMOYAN and GUSD Law Enforcement Agents had witnessed DAVIS involved in an

28  illegal drug transaction;

8

Civil Complaint for Damages and Demand for Jury Trial

1   (h) Causing the arrest of DAVIS and fabricating the basis for arrest, which included that

2       SHAMOYAN and GUSD Law Enforcement Agents had witnessed DAVIS involved in

3       criminal activity;

4   (i) Lying to SHINAGAWA and GUSD about what CVHS ADMINISTRATION,

5       SHAMOYAN and GUSD Law Enforcement Agents observed, which is further set forth in

6       paragraphs ¶¶25(b) through 25(h);

7   (j) Making a false incident/police report and, or causing the preparation of false incident/police

8       report, regarding what is further set forth in paragraphs ¶¶25(b) through 25(h), which

9       included that DAVIS was involved in the commission of and had committed crimes,

        resulting in the foreseeable making of numerous defamatory statements;

10  (k) Maliciously making a false incident/police report that accused DAVIS of committing a

11      felony, where in fact defendants knew that DAVIS' car was not parked on the CVHS

12      campus, especially in the face of the regularly enforced GUSD and CVHS student

13      restriction referenced above and thus DAVIS could in no way be regarded as having

14      brought a knife on campus, even assuming that the alleged knife that was illegally seized

15      was in fact one that was not legal.

16  (l) Lying to prosecutors and, or those who would report to prosecutors, about what

17      SHAMOYAN and GUSD Law Enforcement Agents observed, which is further set forth in

18      paragraphs ¶¶25(b) through 25(h);

19  (m)Making a false report to prosecutors and, or causing the preparation of a false prosecutorial

20      report, regarding what is further set forth in paragraphs ¶¶25(b) through 25(h), including

21      that DAVIS had committed crimes, later resulting in the Los Angeles County District

22      Attorney filing and prosecuting a criminal complaint against DAVIS;

23  (n) Lying to school officials and employees, including those employed by GUSD, about what

24      SHAMOYAN and GUSD Law Enforcement Agents observed, which is further set forth in

25      paragraphs ¶¶25(b) through 25(h);

26  (o) Making a false report to school officials and employees, including those employed by

27      GUSD and, or causing the preparation of false GUSD and CVHS written reports, regarding

28      what is further set forth in paragraphs ¶¶25(b) through 25(h), including that DAVIS had

        committed crimes, resulting in suspension, expulsion and, or transfer to another school of

9                           Civil Complaint for Damages and Demand for
                                                          Jury Trial

1    DAVIS;

2    (p) Conducting a custodial interrogation of DAVIS without advising him of his rights under

3    *Miranda vs. Arizona* as DAVIS was questioned while forced and commanded to stay seated

4    on the sidewalk and prevented from leaving, and later including the interrogation at

5    DAVIS' expulsion/suspension related hearing/inquiry;

6    (q) Violating DAVIS' right against self-incrimination under the Fifth Amendment, as DAVIS

7    was coerced by law enforcement agents to make a statements to such law enforcement

8    agents, including the interrogation at DAVIS' expulsion/suspension related hearing/inquiry;

9    and

10    (r) Violating DAVIS' rights to not make coerced statements to law enforcement agents

     protected under the Fourteenth Amendment that would shock the conscience.

11   26. None of the defendants made a reasonable investigation in determining the veracity of CVHS

12   ADMINISTRATION's, SHAMOYAN's and GUSD Law Enforcement Agents' false claims

13   regarding what they observed on March 16, 2009 concerning DAVIS.

14   27. Without making any inquiry as to the veracity, circumstances and nature of the false assertions

15   of CVHS ADMINISTRATION, SHAMOYAN and GUSD Law Enforcement Agents:

16    (a) GUSD suspended DAVIS from attending school;

17    (b) GUSD suspended DAVIS from attending school and in doing so did not afford DAVIS an

18    opportunity to be heard which violated DAVIS' procedural due process rights;

19    (c) GUSD prepared false written statements that ratified the known false statements, or if

20    reasonable inquiry were made, ratified what should have been known as false statements, of

21    CVHS ADMINISTRATION, SHAMOYAN and GUSD Law Enforcement Agents, then

22    disseminated the false written statements to GUSD employees, those not employed by

23    GUSD and otherwise disinterested persons;

24    (d) GUSD permanently prevented and restrained DAVIS from entering CVHS premises for any

25    reason and asserted, both orally and through written statements, that DAVIS was a physical

26    threat to GUSD students and faculty, thereby intentionally casting a false and misleading

27    negative ligth on DAVIS to the public, including other students, other administrators and

     other schools DAVIS intended on attending.

28   28.  In order to pursue DAVIS' intention of attending a military college and mitigate the false

HERMAN LAW OFFICES, A P C

226054.1

statements made about him by defendants, DAVIS was forced to transfer to a private military high school in San Diego, California at a colossal expense of time, money and emotional distress to DAVIS and his family.

29.  DAVIS was unable to attend the college he preferred, because of defendants' defamatory statements, as when military colleges received GUSD's and CVHS ADMINISTRATION's false reports, such military colleges denied DAVIS' entrance to its programs.

30.  DAVIS incurred expenses in hiring an attorney to defend the criminal action.

31.  SHINAGAWA prepared a false incident report knowing that such incident report was false, or otherwise with deliberate indifference to DAVIS' rights, failed to verify CVHS ADMINISTRATION's, SHAMOYAN's and GUSD Law Enforcement Agents' false statements contained in the incident report. As such, SHINAGAWA made false statements to further DAVIS' prosecution, wherein SHINAGAWA did so with malice.

SHINAGAWA maliciously made a false incident/police report that accused DAVIS of committing a felony, where in fact defendants knew that DAVIS' car was not parked on the CVHS campus, especially in the face of the regularly enforced GUSD and CVHS student restriction referenced above and thus DAVIS could in no way be regarded as having brought a knife on campus, even assuming that the alleged knife that was illegally seized was in fact one that was not legal

32.  SHINAGAWA's, SHAMOYAN's and GUSD Law Enforcement Agents' acts amounted to an abuse of the judicial process, as SHINAGAWA, SHAMOYAN and GUSD Law Enforcement Agents used the judicial process to harass and inflict emotional distress on DAVIS.

33.  DAVIS is informed and believes that the abuse to which he was subjected to was consistent with an institutionalized practice of GUSD and COUNTY, which was known and ratified by those supervising SHINAGAWA, SHAMOYAN and GUSD Law Enforcement Agents. At no time did those supervising SHINAGAWA, SHAMOYAN and GUSD Law Enforcement Agents take effective action to prevent GUSD employees and COUNTY deputy sheriffs from continuing to engage in such misconduct, in particular, but not limited

11

Civil Complaint for Damages and Demand for Jury Trial

Greenwald Law Offices, A P.C.

226054.1

to, those made by defendants SHINAGAWA, SHAMOYAN and GUSD Law Enforcement Agents.

34. DAVIS is informed and believes that defendants engaged in improper, cruel, unjust, unlawful, vicious, and abusive conduct, and further that GUSD, COUNTY and its supervising personnel, agents and deputy sheriffs, failed to properly train, supervise, discipline, direct, correct, control, monitor or advise a) SHINAGAWA, b) SHAMOYAN, c) GUSD Law Enforcement Agents, d) CVHS ADMINISTRATION and e) the personnel responsible for processing, enforcing and administering accusations relating to alleged student misconduct, which includes, but is not limited to, the failure to adequately instruct them in the provisions of the *California Education Code, GUSD Administrative Codes, GUSD Written Policies, CVHS Written Policies, California Penal Code, California Constitution and the United States Constitution*, to the point that the conduct amounted to reckless or callous indifference to the rights of DAVIS and persons similarly situated.

35. DAVIS is informed and believes that defendants, GUSD, COUNTY, the BOARD, the CVHS ADMINSTRATION, ESCALANTE and GUSD's and COUNTY's supervising personnel, agents and deputy sheriffs, authorized, tolerated and institutionalized the aforementioned misconduct of GUSD and COUNTY personnel through its customs, policies and practices, formal and informal, and ratified the misconduct by, among other things:

A.) Failing to properly discipline, restrict, train and control employees, including defendants' supervising personnel, agents, deputy sheriffs, CVHS ADMINISTRATION, GUSD Law Enforcement Agents and personnel responsible for processing, enforcing and administering accusations relating to alleged student

Civil Complaint for Damages and Demand for Jury Trial

LITZENBERG LAW OFFICES, A P.C.

226054.1

misconduct, all known to be irresponsible in their dealings with citizens of the community;

B.) Leaving unfettered discretion in its agents, deputy sheriffs, CVHS ADMINISTRATION, GUSD Law Enforcement Agents and personnel responsible for processing, enforcing, documenting, monitoring, assessing and administering accusations relating to alleged student misconduct;

C.) Failing to take adequate precautions in the hiring, promotion and retention of GUSD personnel and sheriff personnel, including defendants' personnel responsible for processing, enforcing and administering accusations relating to alleged student misconduct, supervising personnel, agents and deputy sheriffs and GUSD Law Enforcement Agents;

D.) Failing to establish and/or assure the functioning of a good faith, meaningful system within GUSD, CVHS, COUNTY and the sheriff's department for dealing with complaints of misconduct, but instead responding to such complaints with bureaucratic power and official denials;

E.) Delegating duties to supervisors, agents and personnel that would likely cause unlawful searches and seizures, improper disciplining of students and criminal prosecution, without implementing adequate safeguards, oversight and checks as occurred in the herein case;

F.) Implementing policies, formal and informal, and customs that permit its personnel to lie and misrepresent facts when preparing reports relating to alleged criminal activity, whether or not such reports are intended to be prepared for law enforcement or prosecuting agencies.

13

Civil Complaint for Damages and Demand for Jury Trial

G.)    Implementing policies that would permit the arrest by a law enforcement agent who
was not present at the time of the commission of an alleged misdemeanor, by
charging/booking a student for a felony.

36.    GUSD, ESCALANTE and CVHS ADMINISTRATION had a duty to control, train and
supervise the conduct of and to monitor the omissions of a) SHAMOYAN, b) GUSD Law
Enforcement Agents, c) CVHS ADMINISTRATION and d) the personnel responsible for
processing, enforcing and administering accusations relating to alleged student misconduct,
however they repeatedly failed to control, train, supervise and monitor them.  The failures
to do so were so frequent and pervasive that a) SHAMOYAN, b) GUSD Law Enforcement
Agents, c) CVHS ADMINISTRATION and d) the personnel responsible for processing,
enforcing and administering accusations relating to alleged student misconduct, were left to
exercise unfettered discretion in the manner in which they carried out their duties, leaving
open and likely the high likelihood that constitutional violations and deprivations would
occur and further of the type sustained by DAVIS, to the degree that must be characterized
as no less than reckless or callous indifference to the rights of others, including but not
limited to:

A) Failing to implement a system designed to monitor the conduct of and to monitor the
omissions of a) SHAMOYAN, b) GUSD Law Enforcement Agents, c) CVHS
ADMINISTRATION and d) the personnel responsible for processing, enforcing and
administering accusations relating to alleged student misconduct.

37.    All of the unlawful conduct alleged herein, relating to the GUSD and COUNTY, was
known to all persons who had final policy making authority, who as to GUSD, comprised
of the BOARD, CVHS ADMINISTRATION, ESCALANTE.

38.    As a direct and proximate result of the pervasive and frequent conduct and omissions of
defendants, and each of them, as their unlawful affirmative conduct and unlawful omissions
and inactions are described herein, including, among other things, the unlawful seizure of
DAVIS and his property, the unlawful and compromised investigation regarding DAVIS'

14    Civil Complaint for Damages and Demand for
Jury Trial

1   GUSD case and criminal case, the unlawful abuse of defendants' investigative and

2   executive power over DAVIS' GUSD case and criminal case, DAVIS sustained severe

3   physical and pecuniary damage, severe emotional distress and severe deprivations of his

4   constitutional rights.

5   ## FIRST CAUSE OF ACTION - DEPRIVATION OF FEDERAL CONSTITUTIONAL
6   ## RIGHTS UNDER 42 USC §1983

7   39.  DAVIS realleges and hereby incorporates by reference the allegations contained in

8        Paragraphs 1 through 38 of this Complaint as if set forth at length herein.

9   40.  In doing the acts heretofore described, GUSD, COUNTY, CVHS ADMINISTRATION,

10       those GUSD personnel responsible for processing, enforcing and administering accusations

11       relating to alleged student misconduct, SHINAGAWA, SHAMOYAN, CVHS

12       ADMINISTRATION and GUSD Law Enforcement Agents wilfully, knowingly,

13       intentionally and deliberately, deprived DAVIS of his rights under the United States

14       Constitution, including but not limited to:

15       A.)  The right of DAVIS to be secure in his person and effects against unreasonable

16            search and seizure under the Fourth and Fourteenth Amendments to the United

17            States Constitution;

18       B.)  The right of DAVIS not to be deprived of life, liberty, or property without due

19            process of law, including 1) the right that criminal defendants and GUSD students

20            are permitted a fair and uncompromised investigation and opportunity to be heard

21            before suspension from school attendance is imposed as a sanction; 2) the right that

22            criminal defendants and GUSD students are permitted a fair and uncompromised

23            investigation and opportunity to be heard before a restraining order is imposed; 3)

24            the right that criminal defendants and GUSD students are permitted a fair and

25            uncompromised investigation and opportunity to be heard before suspension or

26            expulsion proceedings are initiated, and 4) that criminal defendants and public

27            school students are provided facts and discovery that would substantially assist their

28

15                              Civil Complaint for Damages and Demand for
                                                                  Jury Trial

1          case, secured to DAVIS under the Fourteenth Amendment to the United States

2          Constitution;

3      C.)    The right of DAVIS to equal protection of the laws, including the rights of DAVIS

4          not to be singled out for criminal activity and to be treated by GUSD and COUNTY

5          deputy sheriffs in the same manner as other citizens, secured to DAVIS under the

6          Fourteenth Amendment to the United States Constitution.

7      D.)    The right of DAVIS right against self-incrimination under the Fifth Amendment and

8          Fourteenth Amendment to the United States Constitution.

9   41.   Defendants, GUSD officials and agents and COUNTY officials and agents had the legal

10 duty to establish, enforce, direct, supervise, and control fair and reasonable policies,

11 customs, practices, usages, and procedures to be used by a) their law enforcement agents; b)

12 personnel responsible for processing and administering accusations of alleged student

13 misconduct; and 3) deputy sheriffs, so that their edicts and/or acts represent the official

14 policy of GUSD and COUNTY. Instead, acting within such duty, GUSD officials and

15 agents and COUNTY officials and agents, by various acts of omission and commission

16 fostered and encouraged an atmosphere of lawlessness, anarchy repression, and repetitive

17 policy, custom, practice of corruption, as well as, aggressive, abusive and assaultive

18 behavior and procedures toward students, the accused, detainees and arrestees, which from

19 the period of DAVIS' detention and arrest onward, represented the policy, practice, custom

20 and procedure of GUSD and COUNTY. Defendants' accusation, suspension, detention,

21 unlawful search and seizure, arrest and incarceration of DAVIS was in furtherance of the

22 unlawful practice, custom and procedure of the GUSD and COUNTY.

23   42.   The aforesaid acts of personnel responsible for processing and administering accusations of

24 alleged student misconduct, SHINAGAWA, SHAMOYAN and GUSD Law Enforcement

25 Agents were substantially certain to occur as a result of an official policy of deliberate

26 indifference on the part of official policy makers of GUSD and COUNTY, including the

27 BOARD, ESCALANTE and the CVHS ADMINISTRATION.

28

16       Civil Complaint for Damages and Demand for Jury Trial

43. The aforesaid deliberate indifference was part of a plan and scheme to deprive those accused, those detained and those arrested and prosecuted of the their rights under the United States Constitution, as shown by deliberate and conscious choices to effectuate that unlawful policy, by establishing a custom and usage which included acts such as, but not limited to:

A.) Selecting 1) school law enforcement agents; 2) personnel responsible for processing, enforcing and administering accusations relating to alleged student misconduct; and 3) deputy sheriffs, without regard to their propensity to violate the civil rights of such individuals;

B.) Failing and refusing to implement appropriate training procedures to prevent the violations of such individuals;

C.) Selecting school 1) law enforcement agents; 2) personnel responsible for processing, enforcing and administering accusations relating to alleged student misconduct; and 3) deputy sheriffs for particular duty assignments without regard to their propensity to violate the rights of such individuals and leaving unfettered and unchecked discretion in such agents, including those personnel responsible for processing and administering accusations of alleged student misconduct, SHINAGAWA, SHAMOYAN and GUSD Law Enforcement Agents;

D.) Failing and refusing to design and implement procedures in supervision which would ensure that such violations would not occur;

E.) Failing and refusing to discipline 1) school law enforcement agents; 2) personnel responsible for processing, enforcing and administering accusations relating to alleged student misconduct; and 3) deputy sheriffs who violate the constitutional rights of such persons; and

F.) Failing and refusing to change policies and procedures of the GUSD, COUNTY and the sheriff's department after learning of such violations.

44. Defendant, GUSD and its agents and officials and COUNTY and its agents and officials, including the BOARD, ESCALANTE and the CVHS ADMINISTRATION, despite actual

Civil Complaint for Damages and Demand for Jury Trial

1 knowledge of repeated allegations of abusive and assaultive behavior toward the accused,

2 detainees and arrestees by personnel responsible for processing and administering

3 accusations of alleged student misconduct, GUSD's law enforcement agents and COUNTY

4 deputy sheriffs, including but not limited to personnel responsible for processing and

5 administering accusations of alleged student misconduct, SHINAGAWA, SHAMOYAN

6 and GUSD Law Enforcement Agents, designed and implemented a plan and scheme of

7 deliberate indifference against the Federal Constitutional rights of the accused, detainees

8 and arrestees which involved acts such as, but not limited to:

9     A.)   Repeatedly failing and refusing to enforce procedures to ensure the welfare,

10            including accurately representing students' academic records, safety of the accused,

11            detainees and arrestees;

12     B.)   Repeatedly failing and refusing to discipline 1) school law enforcement agents; 2)

13            personnel responsible for processing, enforcing and administering accusations

14            relating to alleged student misconduct; and 3) deputy sheriffs who had been found to

15            have committed abusive and assaultive behavior toward of the accused, detainees

16            and arrestees;

17     C.)   Repeatedly failing and refusing to competently investigate allegations of abuse and

18            assault by 1) school law enforcement agents; 2) personnel responsible for

19            processing, enforcing and administering accusations relating to alleged student

20            misconduct; and 3) deputy sheriffs, especially those that involve an abuse of the

21            unfettered discretionary power given to 1) school law enforcement agents; 2)

22            personnel responsible for processing, enforcing and administering accusations

23            relating to alleged student misconduct; and 3) deputy sheriffs as result of the large

24            area of coverage of schools in the GUSD and Los Angeles County Sheriff's

25            Department and failure to properly supervise the 1) school law enforcement agents;

26            2) personnel responsible for processing, enforcing and administering accusations

27            relating to alleged student misconduct; and 3) deputy sheriffs ;

28

18

Civil Complaint for Damages and Demand for Jury Trial

PREFERRED LAW OFFICES, A.P.C

226054.1

D.)  Repeatedly failing and refusing to adequately train and educate 1) school law enforcement agents; 2) personnel responsible for processing, enforcing and administering accusations relating to alleged student misconduct; and 3) deputy sheriffs, in the proper use of authority; and

E.)  Repeatedly failing and refusing to adequately supervise the actions of 1) school law enforcement agents; 2) personnel responsible for processing, enforcing and administering accusations relating to alleged student misconduct; and 3) deputy sheriffs, agents and officials under their control and supervision.

45.  Pursuant to the official policy of a deliberate and conscious choice to deprive the accused, detainees and arrestees of their rights under the United States Constitution, the aforementioned policies and procedures, as to the hiring, assignment and training, supervision, and disciplining of the 1) school law enforcement agents; 2) personnel responsible for processing, enforcing and administering accusations relating to alleged student misconduct; and 3) deputy sheriffs, were deliberately enacted, formulated, designed, concocted and planned in a manner grossly deviating from the standard of care expected of GUSD and COUNTY policymakers, including those in the position the BOARD, ESCALANTE and the CVHS ADMINISTRATION, such that violations of the constitutional rights of the accused, detainees and arrestees were substantially certain to occur. More specifically, the conduct of personnel responsible for processing, enforcing and administering accusations relating to alleged student misconduct, SHINAGAWA, SHAMOYAN and GUSD Law Enforcement Agents was substantially certain to occur due to an official policy of deliberate indifference and reckless disregard by GUSD officials and agents and COUNTY officials and agents acting in their official and individual capacity, including the BOARD, ESCALANTE and the CVHS ADMINISTRATION. In the course of the implementation of an official policy and established custom and practice to deprive members of the public of their constitutional rights, such GUSD officials and agents and COUNTY officials and agents directed the policy of deliberate indifference and reckless disregard toward the constitutional rights of DAVIS and others similarly situated by

19    Civil Complaint for Damages and Demand for Jury Trial

exercising conscious choices to participate in conduct and to do acts such as, but not limited to, the following:

A.) Making the decisions to hire personnel responsible for processing, enforcing and administering accusations relating to alleged student misconduct, SHINAGAWA, SHAMOYAN and GUSD Law Enforcement Agents which overlooked the aspects of their personality, intellect and general proclivities which made it highly likely that acts such as those perpetrated against DAVIS were substantially certain to occur;

B.) Training personnel responsible for processing, enforcing and administering accusations relating to alleged student misconduct, SHINAGAWA, SHAMOYAN and GUSD Law Enforcement Agents in a manner that was so inadequate that acts as those that were perpetrated against DAVIS were substantially certain to occur;

C.) Supervising personnel responsible for processing, enforcing and administering accusations relating to alleged student misconduct, SHINAGAWA, SHAMOYAN and GUSD Law Enforcement Agents in a manner that was so lacking in intensity that acts as those that were perpetrated against DAVIS were substantially certain to occur;

D.) Meting out discipline on personnel responsible for processing, enforcing and administering accusations relating to alleged student misconduct, SHINAGAWA, SHAMOYAN and GUSD Law Enforcement Agents for previous violations of the rights of citizens that were so inadequate and devoid of impact that acts as those that were perpetrated against DAVIS were substantially certain to occur.

E.) Failing to train, discipline, and supervise its 1) school law enforcement agents; 2) personnel responsible for processing, enforcing and administering accusations relating to alleged student misconduct; and 3) deputy sheriffs pursuant to an official policy, plan and scheme, and custom and practice in such a manner that would deprive the accused, detainees and arrestees of the following rights, privileges and immunities secured to them by the United States Constitution:

Civil Complaint for Damages and Demand for Jury Trial

LITTRELL LAW OFFICES, A.P.C.

226054.1

1.) The right to be secure in one's person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

2.) The right not to be deprived of life, liberty, or property without due process of law, secured under the Fourteenth Amendment to the United States Constitution;

3.) The right not be coerced of compelled to incriminate oneself, secured under the Fifth and Fourteenth Amendments; and

4.) The right to equal protection of the laws, including the right not to be singled out for criminal activity secured under the Fourteenth Amendment to the United States Constitution.

46. As a direct and proximate result of the specific acts, custom and usage, plan and scheme, deliberate and conscious choice, and official policy of defendants, and each of them, and in denying and depriving DAVIS of his aforementioned rights, DAVIS sustained severe and persistent physical and mental pain, suffering, anguish, and distress, the amount of which will be proven at trial.

47. As a direct and proximate result of the specific acts, custom and usage, plan and scheme, deliberate and conscious choice, and official policy of defendants, and each of them, DAVIS will, in the future, be required to expend further sums for the cure of the physical and emotional injuries he suffered at the hands of defendants in an amount which will be proven at trial.

48. The acts, conduct, and behavior of defendants, and each of them, except for GUSD and COUNTY, were performed knowingly, intentionally, and maliciously, by reason of which DAVIS is entitled to an award of punitive damages in the sum of one million dollars ($1,000,000.00).

## SECOND CAUSE OF ACTION – DEPRIVATION OF CONSTITUTIONAL RIGHTS UNDER THE CALIFORNIA CONSTITUTION – *CALIFORNIA CIVIL CODE* §51.7, 52, 52.1

49. DAVIS realleges and hereby incorporates by reference the allegations contained in Paragraphs 1 through 47 of this Complaint as if set forth at length.

21                Civil Complaint for Damages and Demand for Jury Trial

50. The conduct of defendants as heretofore described, and each of them, deprived DAVIS of the following rights, privileges and immunities secured to him by the California Constitution:

   A.) The right of DAVIS to be secure in his person and effects against unreasonable search and seizure under the Article I, §13 of the California Constitution;

   B.) The right not to be deprived of life, liberty, or property without due process of law;

   C.) The right not be coerced of compelled to incriminate oneself; and

   D.) The right to equal protection of the laws, including the right not to be singled out for law enforcement and police activity pursuant to rights secured to DAVIS under Article I, §7of the California Constitution.

51. As a direct and proximate result of the conduct of defendants, and each of them, DAVIS sustained severe and persistent physical and mental pain, suffering, anguish, and distress, the amount of which will be proven at trial.

52. As a direct and proximate result of the conduct of defendants, and each of them, DAVIS will, in the future, be required to expend further sums for the cure of the physical and emotional injuries he suffered at the hands of defendants in an amount which will be proven at trial.

53. The acts, conduct, and behavior of defendants, and each of them, except for GUSD and COUNTY, were performed knowingly, intentionally, oppressively, fraudulently and maliciously, by reason of which DAVIS is entitled to an award of punitive damages in the sum of one million dollars ($1,000,000.00).

## THIRD CAUSE OF ACTION - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. DAVIS realleges and hereby incorporates by reference the allegations contained in Paragraphs 1 through 52 of this Complaint as if set forth at length.

55. The acts and conduct of defendants, and each of them, were extreme and outrageous, intolerable in any civilized society and totally unacceptable to reasonable people under the circumstances as described herein.

22

Civil Complaint for Damages and Demand for Jury Trial

56. In performing the acts and engaging in the conduct as herein described, defendants, and each of them, acted with specific knowledge and/or substantial certainty that DAVIS would suffer emotional distress. As a direct and proximate result of the conduct of defendants, and each of them, DAVIS suffered severe emotional distress and physical ailments as a result of that distress.

57. As a direct and proximate result of the conduct of defendants, and each of them, DAVIS sustained severe and persistent physical and mental pain, suffering, anguish, and distress, the amount of which will be proven at trial.

58. As a direct and proximate result of the conduct of defendants, and each of them, DAVIS will, in the future, be required to expend further sums for the cure of the physical and emotional injuries he suffered at the hands of defendants in an amount which will be proven at trial.

59. The acts, conduct, and behavior of defendants, and each of them, except for GUSD and COUNTY, were performed knowingly, intentionally, oppressively, fraudulently and maliciously, by reason of which DAVIS is entitled to an award of punitive damages in the sum of one million dollars ($1,000,000.00).

## FOURTH CAUSE OF ACTION - SLANDER

60. DAVIS realleges and hereby incorporates by reference the allegations contained in Paragraphs 1 through 58 of this Complaint as if set forth at length.

61. The statements made by a) personnel responsible for processing, enforcing and administering accusations relating to alleged student misconduct; b) SHAMOYAN; c) GUSD Law Enforcement Agents and d) SHINAGAWA to public officials and private persons, including the instant District Attorney's Office, were false, i.e., those statements made in regard to the incident that took place on March 16, 2009 involving DAVIS. The a) personnel responsible for processing, enforcing and administering accusations relating to alleged student misconduct; b) SHAMOYAN; c) GUSD Law Enforcement Agents and d) SHINAGAWA knew those statements to be false.

23                    Civil Complaint for Damages and Demand for Jury Trial

FREEDMAN LAW OFFICES, A P.C.

226054.1

62. In performing the acts and engaging in the conduct as herein described, defendants, and each of them, acted with specific knowledge and/or substantial certainty that DAVIS would suffer emotional distress. As a direct and proximate result of the conduct of defendants, and each of them, DAVIS suffered severe emotional distress and physical ailments as a result of that distress.

63. DAVIS did sustain special damage as a proximate result of the false statements as he was denied entry into certain military schools in their educational programs after the military schools inquired about such reports.

64. As a direct and proximate result of the conduct of defendants, and each of them, DAVIS sustained severe and persistent physical and mental pain, suffering, anguish, and distress, the amount of which will be proven at trial.

65. As a direct and proximate result of the conduct of defendants, and each of them, DAVIS will, in the future, be required to expend further sums for the cure of the reputational, physical and emotional injuries he suffered at the hands of defendants in an amount which will be proven at trial.

66. The acts, conduct, and behavior of defendants, and each of them, except for GUSD and COUNTY, were performed knowingly, intentionally, oppressively, fraudulently and maliciously, by reason of which DAVIS is entitled to an award of punitive damages in the sum of one million dollars ($1,000,000.00).

## FIFTH CAUSE OF ACTION - LIBEL

67. DAVIS realleges and hereby incorporates by reference the allegations contained in Paragraphs 1 through 65 of this Complaint as if set forth at length.

68. The statements made by a) personnel responsible for processing, enforcing and administering accusations relating to alleged student misconduct; b) SHAMOYAN; c) GUSD Law Enforcement Agents and d) SHINAGAWA to public officials and private persons, including the instant District Attorney's Office, were false, i.e., those statements made in regard to the incident that took place on March 16, 2009 involving DAVIS and such statements were made by defendants in a writing disseminated to third parties and each

24                    Civil Complaint for Damages and Demand for Jury Trial

other. The a) personnel responsible for processing, enforcing and administering accusations relating to alleged student misconduct; b) SHAMOYAN; c) GUSD Law Enforcement Agents and d) SHINAGAWA knew those written statements to be false, or otherwise took no precaution, inquiry or investigation as to whether or not such statements were true or false.

69. In performing the acts and engaging in the conduct as herein described, defendants, and each of them, acted with specific knowledge and/or substantial certainty that DAVIS would suffer emotional distress and otherwise that DAVIS' reputation would be tarnished. As a direct and proximate result of the conduct of defendants, and each of them, DAVIS suffered severe emotional distress and physical ailments as a result of that distress.

70. DAVIS did sustain special damage as a proximate result of the false statements as he was denied entry into certain military schools in their educational programs after the military schools inquired about and read such written reports. As a direct and proximate result of the conduct of defendants, and each of them, DAVIS sustained severe and persistent physical and mental pain, suffering, anguish, and distress, the amount of which will be proven at trial.

71. As a direct and proximate result of the conduct of defendants, and each of them, DAVIS will, in the future, be required to expend further sums for the cure of the physical and emotional injuries he suffered at the hands of defendants in an amount which will be proven at trial.

72. The acts, conduct, and behavior of defendants, and each of them, except for GUSD and COUNTY, were performed knowingly, intentionally, oppressively, fraudulently and maliciously, by reason of which DAVIS is entitled to an award of punitive damages in the sum of one million dollars ($1,000,000.00).

## SIXTH CAUSE OF ACTION – *CAL. CIVIL CODE §52.1, et Al.*

73. DAVIS realleges and hereby incorporates by reference the allegations contained in Paragraphs 1 through 72 of this Complaint as if set forth at length.

25

Civil Complaint for Damages and Demand for Jury Trial

74. All defendants engaged in conduct that interfered with the exercise or enjoyment by DAVIS of his rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of California by threats, intimidation, or coercion, or attempts to interfere with such rights, by threats, intimidation, or coercion.

75. Under the laws of the United States and the State of California, DAVIS had a right to continue with his education and complete his high school education at CVHS.

76. Defendants use of threats, intimidation and coercion were manifested when defendants1) investigated the alleged criminal conduct of DAVIS; 2) failed to follow GUSD policy regarding the investigation of DAVIS involvement in criminal conduct; 3) instigated a warrantless pretextual search on DAVIS; 4) instigated a warrantless pretextual detention on DAVIS; 5) instigated a warrantless pretextual interrogation on DAVIS; 6) instigated a warrantless pretextual arrest on DAVIS; 7) instituted and provided for policies and customs that permit, and permitted, students to be threatened, intimidated and coerced, to consent to searches, which students would not subject themselves to, but for such threats, intimidation and coercion, including DAVIS; 8) instituted and provided for policies and customs that were void of oversight of individuals who, because of their position and relationship with students, had the potential of wielding threats, intimidation and coercion to deprive DAVIS and other similarly situated students, their constitutional and statutory rights within the purview of the Bane Act; 9) subjected DAVIS to expulsion/suspension proceedings which involved threats, intimidation and coercion, so that DAVIS would inevitably transfer high schools; 10) subjected DAVIS to a criminal prosecution that included threats, intimidation and coercion against DAVIS.

77. In performing the acts and engaging in the conduct as herein described, defendants, and each of them, acted with specific knowledge and/or substantial certainty that DAVIS would suffer emotional distress and otherwise that DAVIS' reputation would be tarnished and further that DAVIS' constitutional and statutory rights would be interfered and deprived.

Civil Complaint for Damages and Demand for Jury Trial

Hyprumount Law Offices A P C

226054.1

78.   As a direct and proximate result of the conduct of defendants, and each of them, DAVIS suffered severe emotional distress and physical ailments as a result of that distress and further DAVIS' constitutional and statutory rights were interfered and deprived.

79.   The acts, conduct, and behavior of defendants, and each of them, except for GUSD and COUNTY, were performed knowingly, intentionally, oppressively, fraudulently and maliciously, by reason of which DAVIS is entitled to an award of punitive damages in the sum of one million dollars ($1,000,000.00).

**PRAYER FOR RELIEF**

WHEREFORE, DAVIS prays the court for relief as follows:

On the First and Second Causes of Action

1.   For Compensatory Damages as will be proven at trial;

2.   For attorney fees.

3.   For punitive damages in the amount of $1,000,000

On the Third, Fourth, Fifth and Sixth Causes of Action

1.   For Compensatory Damages as will be proven at trial.;

2.   For attorney fees;

3.   For punitive damages in the amount of $1,000,000.

On all Causes of Action

1.   For costs of the suit;

2.   For such other and further relief as the court may deem just and proper.

Dated: March 15, 2010                          UTZURRUM LAW OFFICES, A.P.C.

By: _____
Joe Utzurrum, Attorney for Plaintiff Mathew Davis

27                    Civil Complaint for Damages and Demand for Jury Trial

226054.1

## DEMAND FOR JURY TRIAL

1.    Plaintiff, MATHEW DAVIS, herein demands a jury trial.

Dated: March 11, 2010                                    UTZURRUM LAW OFFICES, A.P.C.

By: _____
      Joe Utzurrum, Attorney for Plaintiff Mathew Davis

Case 2:10-cv-01837-DMG-CW   Document 1   Filed 03/12/10   Page 29 of 40   Page ID #:29

EXHIBIT A



**GLENDALE U.  IED SCHOOL DISTRICT**
223 North Jackson St., Glendale, California 91206-4380
Telephone: 818-241-3111, Ext. 271 • Fax: 818-546-2101                    **BUSINESS SERVICES**



October 7, 2009

Certified Mail
7008 1140 0001 4753 7372

Utzurrum Law Offices, A.P.C.
Joe Utzurrum, Esq.
333 South Grand Avenue
25th Floor
Los Angeles, CA 90071

Dear Mr. Utzurrum:

Notice is hereby given that the claim you presented to the Glendale Unified School District Board of Education on behalf of Mathew Jay Davis has been rejected.

## WARNING

Be aware under Government Code Section 945.6, subject to certain exceptions, you have only six (6) months from the date this letter was personally delivered or deposited in the mail to file a court action on these claims.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Sincerely,

Eva Rae Lueck
Chief Business and Financial Officer

ERL:ks

c:  Carl Warren & Co.

Wordnes/claims/09-10/Davis, Mathew

Case 2:10-cv-01837-DMG-CW   Document 1   Filed 03/12/10   Page 31 of 32   Page ID #:31

Glendale Unified School District
Business Services
223 North Jackson Street
Glendale, CA 91206





MAILED FROM ZIP CODE 91204
$ 05.54 0
OCT 09 2009
0004246592
02 1M

7008 1140 0001 4753 7372

90071$1504 C035

Utzurrum Law Offices, A.P.C.
Joe Utzurrum, Esq.
333 South Grand Avenue
25th Floor
Los Angeles, CA 90071

EXHIBIT B



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

ROBERT E. KALUNIAN
Acting County Counsel

September 16, 2009

Joe Utzurrum, Esq.
Utzurrum Law Offices, A.P.C.
620 Newport Center Dr., Suite 1100
Newport Beach, California 92660

Re:   **Claim(s) Filed:**        **September 9, 2009**
        **File Number(s):**       **09-1072262*001**
        **Your Client(s):**       **Mathew Jay Davis**

Dear Counselor:

This letter is to inform you that the above-referenced claim which you filed with the Los Angeles County Board of Supervisors was rejected on **September 15, 2009.**

An investigation of this matter fails to indicate any liability on the part of the County of Los Angeles. Accordingly, your claim was rejected on that basis and no further action will be taken on this matter.

STATE LAW REQUIRES THAT YOU BE GIVEN THE FOLLOWING "WARNING:"

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. SEE GOVERNMENT CODE SECTION 945.6.

HOA.616797.1

Joe Utzurrum, Esq.
September 16, 2009
Page 2

    This time limitation applies only to causes of action for which
Government Code Sections 900 - 915.4 required you to present a claim.  Other
causes of action, including those arising under federal law, may have different
time limitations.

                                        Very truly yours,

                                        ROBERT E. KALUNIAN
                                        Acting County Counsel

                                    By

                                        BRIAN T. CHU
                                        Principal Deputy County Counsel
                                        General Litigation Division

BTC:ce

## DECLARATION FOR SERVICE BY MAIL

STATE OF CALIFORNIA
County of Los Angeles

I am and at all times herein mentioned have been a citizen of the United States and resident of the County of Los Angeles, over the age of eighteen years and not a party to nor interested in the within action; that my business address is 648 Kenneth Hahn Hall of Administration, City of Los Angeles, County of Los Angeles, State of California 90012.

That on the 21 ST day of September 2009, I served the attached "Notice of Denial" of claim upon claimant by depositing a copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in a United States mail box in Los Angeles, California addressed as follows:

> Joe Utzurrum, Esq.
> Utzurrum Law Offices, A.P.C.
> 620 Newport Center Dr., Suite 1100
> Newport Beach, California 92660

and that the person on whom said service was made has/resides his/her office at a place where there is a regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on this 21 ST day of September 2009 at Los Angeles, California.

_Carolyn Edwards_
Signature

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MATHEW DAVIS

**DEFENDANTS**
GLENDALE UNIFIED SCHOOL DISTRICT, ET AL.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Joe Utzurrum, Esq. CBN 171701, Utzurrum Law Offices, A.P.C.
620 Newport Center Drive, Suite 1100
Newport Beach, California 92660 949-852-8198

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** In excess of $100,000 (as proved)

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. §1983 law suit against a wrongfully arrested and prosecuted high school student, with defamatory and libelous statements made in student record

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☑ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**CV10-01837**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   **CIVIL COVER SHEET**   Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                  ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                  ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                  ☐ D.  Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, however plaintiff is currently attending school in Flagstaff, Arizona | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____    Date   3 | 15 | 10

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                              CIVIL COVER SHEET                              Page 2 of 2

Utzurrum Law Offices, A.P.C.
Joe Utzurrum, Esq. CBN 171701
620 Newport Center Drive
Suite 1100
Newport Beach, California 92660
Tele 949-852-8198 Fax 949-309-2532

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MATHEW DAVIS | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV10-01837-DMG(CWx)** |
| v. | |
| GLENDALE UNIFIED SCHOOL DISTRICT, ET AL. (SEE ATTACHED) | **SUMMONS** |
| DEFENDANT(S) | |

TO:  DEFENDANT(S): GLENDALE UNIFIED SCHOOL DISTRICT, ZAVEN SHAMOYAN, MICHAEL F. ESCALANTE, LINDA EVANS, CHRISTOPHER COULTER, MARK BROWN SUNGSOOK KIM, CHARLOTTE SASSOUNIAN, MARY W. BORGER, GREG KRIKORIAN, NAYIRI NAHABEDIAN, JOYLENE WAGNER, CHRISTINE WALTERS, TAMAR KATAROYAN, H.A. PAZ, COUNTY OF LOS ANGELES and SCOTT SHINAGAWA

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Joe Utzurrum, Esq._____, whose address is _620 Newport Centre Drive, Suite 1100, Newport Beach, California 92660_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __15 MAR 2010__

By _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1  UTZURRUM LAW OFFICES, A.P.C.
   Joe Utzurrum, Esq.
2  Cal Bar Number 171701
   620 Newport Center Drive
3  Suite 1100
   Newport Beach, California 92660
4  Telephone: (949) 852-8198

5  Attorneys for Plaintiff, MATHEW DAVIS

6

7

8

9                    UNIITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

11  MATHEW DAVIS,                          ) CV 10 - 01837-DMG(CW)
                                           )
12                 Plaintiff,              ) COMPLAINT FOR DAMAGES AND
                                           ) DEMAND FOR JURY TRIAL
13             vs.                         )
                                           ) 1. Violation of Civil Rights (42 U.S.C.
14  GLENDALE UNIFIED SCHOOL DISTRICT,      ) §1983)
    ZAVEN SHAMOYAN, MICHAEL F.             ) 2. Violation of Civil Rights –California
15  ESCALANTE, LINDA EVANS,                ) Constitution
    CHRISTOPHER COULTER, MARK BROWN,       ) 3. Intentional Infliction of Emotional Distress
16  SUNGSOOK KIM, CHARLOTTE                ) 4. Slander
    SASSOUNIAN, MARY W. BORGER, GREG       ) 5. Libel
17  KRIKORIAN, NAYIRI NAHABEDIAN,          )
    JOYLENE WAGNER, CHRISTINE WALTERS,     ) Judge:
18  TAMAR KATAROYAN, H.A. PAZ, COUNTY      )
    OF LOS ANGELES, SCOTT SHINAGAWA and    ) Dept.:
19  DOES 1 through 10, inclusive,          )
                                           ) Trial Date: To be determined
20                 Defendants.             ) Trial Time: To be determined
                                           )
21  _____)

22      Plaintiff, MATHEW DAVIS ("DAVIS"), alleges as follows:

23  I.  **JURISDICTION AND VENUE**

24  1.  DAVIS' claim is based on, among others, the violation of DAVIS' civil rights under the United

25      States Constitution. As such, this case is brought pursuant to 42 USC §1983 and appropriate

26      statutes of the State of California. DAVIS' action arises under the Fourth, Fifth and Fourteenth

27      Amendments to the United States Constitution and the Constitution and laws of the State of

28      California.

                                              Civil Complaint for Damages and Demand for
                                                                              Jury Trial

Utzurrum Law Offices, A.P.C.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

### CV10- 1837 DMG (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.