**JOE UTZURRUM, ESQ.** – State Bar No. 171701
*UTZURRUM LAW OFFICES, A.P.C.*
620 Newport Center Drive, Suite 1100
Newport Beach, California 92660
Telephone: (949) 852-8198
Facsimile: (949) 309-2532

Attorneys for Plaintiff, MATHEW DAVIS

**JOSEPH LANGTON, ESQ** - 188761
*LOS ANGELES COUNTY COUNSEL OFFICE*
500 West Temple Street, Suite 606
Los Angeles, CA  90012
Telephone: (213) 974-0812
Facsimile: (213) 626-2105

Attorneys for defendant SCOTT SHINAGAWA

**NANCY P. DOUMANIAN, ESQ.** – State Bar No. 168925
*DOUMANIAN & ASSOCIATES*
500 North Brand Boulevard, Suite 1660
Glendale, California 91203
Telephone: (818) 500-7010
Facsimile: (818) 500-7011

Attorney for Defendants ZAVEN SHAMOYAN, *a public employee*, MICHAEL F. ESCALANTE, *a public employee*, LINDA EVANS, *a public employee*, CHRISTOPHER COULTER, *a public employee*, MARK BROWN, *a public employee*, SUNGSOOK KIM, *a public employee*, CHARLOTTE SASSOUNIAN, *a public employee*, TAMAR KATAROYAN, *a public employee*, and H.A. PAZ, *a public employee*

///
///

-1-

RULE 26(f) – JOINT REPORT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MATHEW DAVIS, | Case No.: CV10-01837-DMG (CWx) |
| Plaintiff, | **JOINT REPORT OF PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)** |
| vs. | |
| ZAVEN SHAMOYAN, MICHAEL F. ESCALANTE, LINDA EVANS, CHRISTOPHER COULTER, MARK BROWN, SUNGSOOK KIM, CHARLOTTE SASSOUNIAN, TAMAR KATAROYAN, H.A. PAZ, COUNTY OF LOS ANGELES, SCOTT SHINAGAWA and DOES 1 through 10, inclusive, | |
| Defendants. | **ACTION FILED: March 15, 2010** |

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Order Setting Scheduling Conference, a telephone conference of the parties was held on September 10, 2010, which was attended by Ana W. Lai, attorney for defendants ZAVEN SHAMOYAN, *a public employee*, MICHAEL F. ESCALANTE, *a public employee*, LINDA EVANS, *a public employee*, CHRISTOPHER COULTER, *a public employee*, MARK BROWN, *a public employee*, SUNGSOOK KIM, *a public employee*, CHARLOTTE SASSOUNIAN, *a public employee*, TAMAR KATAROYAN, *a public employee*, and H.A. PAZ, a *public employee*

("Defendants") and by Joe Utzurrum, attorney for plaintiff MATHEW DAVIS ("Plaintiff").

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local District Court Rule 26-1, and the Court's Order Setting Scheduling Conference, the respective counsel for the parties jointly submit the following Rule 26(f) Joint Report:

## I. FACTUAL SUMMARY OF THE CASE, INCLUDING CLAIMS AND DEFENSES

Plaintiff Mathew Davis attended Crescenta Valley High School which is within the Glendale Unified School District pursuant to a special permit as he was a resident of the City of Pasadena. The Glendale Unified School District is a public entity duly organized and existing pursuant to *Government Code Section 910 et seq.* At the time, the School District's policy was that any drugs or weapons confiscated from any student would cause the student to be subjected to discipline, up to an including expulsion. Here, the plaintiff was suspended for possession of a knife. His special permit was thereafter revoked and he was directed to complete his senior year at his school of residence in the Pasadena Unified School District.

### A.  PLAINTIFF'S CLAIMS

The plaintiff alleges that on March 16, 2009, he was standing next to his personal vehicle on a public street adjacent to the high school. He claims that his

friends approached his vehicle which he was intending to drive home at the end of class. Plaintiff alleges that the defendants conducted an unlawful pretextual search of his vehicle and detained him given a suspicion that he was involved in drug activity. The plaintiff alleges that criminal charges were filed against him as a result of the unlawful violation of his Civil Rights and violation of California law. Plaintiff alleges that the School District and its employees defamed him in and through records, by falsely stating that on March 16, 2009, plaintiff committed a felony while on the school's campus. He further alleges that the district participated in slander and libel against him by putting false and inaccurate information in his records, which caused him to get rejected to military programs and entrance into educational institutions after completing his high school education. Plaintiff claims that he was effectively expelled. Furthermore, plaintiff was forced to incur unreasonable and unexpected educational expenses in transferring from CVHS to complete his high school diploma instead of the public school education he was entitled to receive from the School District.

B. **DEFENDANTS SCHOOL DISTRICT EMPLOYEES' CLAIMS**

The individual defendants contends that that it has a significant interest in insuring that its premises, including the adjacent streets where students park and congregate are free of drugs and weapons. On the date in question, the plaintiff was engaged in suspicious activity which school personnel reasonably believed

was related to drugs, weapons, or other illegal activity. When plaintiff was approached and asked about any illegal items in his vehicle, he readily admitted to possessing a knife and retrieved it from the glove compartment of his vehicle. When asked again whether he possessed any other illegal items, such as weapons or contraband, he did not respond which heightened the suspicions of school personnel. The school's security agent then retrieved a second knife from the glove compartment of plaintiff's vehicle. The plaintiff was subsequently suspended and directed to return to the school of his residence within the Pasadena Unified School District. Defendants contend that at the time, the School District's policy was that any drugs or weapons confiscated from any student would cause the student to be subjected to discipline, up to and including expulsion.

## C. DEFENDANT SCOTT SHINAGAWA'S CLAIMS

Defendant Deputy Scott Shinagawa contends that after the Glendale Unified school security agent retrieved the weapons from plaintiff's glove compartment, the security agent contacted Deputy Shinagawa via radio and requested that Shinagawa respond to the scene. Upon arrival, Deputy Shinagawa spoke with the school security agent who relayed the circumstances surrounding plaintiff's detention. Deputy Shinagawa then contacted plaintiff who admitted to possession of the weapons. Plaintiff was arrested and transported to Crescenta Valley

Sheriff's Station. Defendant claims no liability in this matter as plaintiff's arrest was lawful and proper.

## II. PRINCIPAL ISSUES

### A. PLAINTIFF'S ISSUES

1. Plaintiff contends he was wrongfully suspended.

2. Plaintiff contends that he was wrongfully expelled.

3. Plaintiff contends that his Fourth Amendment rights were violated.

4. Defendants failed to provide him procedural and substantive due process.

5. Plaintiff contends that his federal and state rights were violated by defendants.

6. Plaintiff has incurred damages as a result of defendants' conduct.

### B. DEFENDANTS SCHOOL EMPLOYEES' ISSUES

1. Defendants contend that the suspension for possession of a knife was a proper exercise of defendants' discretionary authority.

2. Defendants contend that the revocation of plaintiff's intra-district transfer was a proper exercise of defendants' discretionary authority.

3. Defendants contend that as a public entity and as public employees, defendants are afforded immunity for the discretionary acts involving plaintiff's suspension and the revocation of his intra-district transfer pursuant to *Government Code § 821.2*.

4. Defendants contend that plaintiff's due process rights under the U.S. Constitution and the California State Constitution were not violated.

RULE 26(f) – JOINT REPORT

5. Defendants contend that plaintiff cannot meet his burden of establishing the necessary elements for a claim of slander against the school district employees.

6. Defendants contend that plaintiff cannot meet his burden of establishing the necessary elements for a claim of libel against the school district employees.

7. Defendants contend that plaintiff cannot meet his burden of establishing the necessary elements for intentional infliction of emotional distress against the individual defendants.

C. **DEFENDANT SHINAGAWA'S ISSUES**

1. Defendant contends that plaintiff's arrest for possession of a knife was a proper exercise of defendant's discretionary authority.

2. Defendant contends that as a public employee in the regular course and scope of his duties, defendant is afforded immunity for the discretionary acts involving plaintiff's arrest pursuant to Government Code § 820 et seq.

3. Defendant contends that he did not violate plaintiff's due process rights under the U.S. Constitution and the California State Constitution.

4. Defendant contends that plaintiff cannot meet his burden of establishing the necessary elements for a claim of slander.

5. Defendant contends that plaintiff cannot meet his burden of establishing the necessary elements for a claim of libel.

6. Defendant contends that plaintiff cannot meet his burden of establishing the necessary elements for intentional infliction of emotional distress.

7. Defendant contends that it has no liability pursuant to Penal Code Section

-7-

§ 847

8. Defendant contends that it has no liability pursuant to Penal Code § 142.

The parties reserve the right to narrow or expand this list as the litigation progresses.

## III. ADDITIONAL PARTIES/AMENDED PLEADINGS

Pursuant to the Court's Order of AUGUST 31, 2010, granting plaintiff leave to amend his First Amended Complaint, plaintiff is in the process of amending the complaint. Plaintiff does not anticipate adding any additional parties at this stage of the litigation.

Defendants do not anticipate adding any additional parties or amending the pleadings at this stage of the litigation. Defendants reserve their rights to challenge the amended complaint.

The County of Los Angeles only has been dismissed from this Complaint.

## IV. CASE COMPLEXITY

The parties agree that this case is not sufficiently complex to justify utilization of any of the procedures of the Manual for Complex Litigation.

RULE 26(f) - JOINT REPORT

## V. LAW AND MOTION MATTERS

At this time, Plaintiff anticipates filing their second amended complaint on or before September 17, 2010.

Defendants school district employees' anticipate filing a Motion to Dismiss to plaintiff's second amended complaint, if necessary. Defendants further anticipate a Motion for Summary Judgment, or Partial Summary Judgment. All such dispositive or partially dispositive motions shall be heard by MARCH 15, 2011.

All parties also anticipate filing motions *in limine* before trial.

## VI. SETTLEMENT DISCUSSIONS

The parties have not discussed the possibility for settlement or resolution of the case. The parties intend to conduct such discussions. The parties may elect to proceed under mediation with the Party Select Panel.

With respect to the Settlement Procedures set forth in Local Rule 16-14.4, the parties prefer Settlement Procedure No. 2 (i.e., appearing before an attorney selected from the Attorney Settlement Officer Panel or before an attorney appointed by the Court).

## VII. DISCOVERY PLAN

### A. RULE 26(A) INITIAL DISCLOSURES

The parties will serve their respective Rule 26(a) initial disclosures by SEPTEMBER 27, 2010.

### B. EXPERT DISCLOSURES

The parties agree that expert witness disclosures required under Rule 26(a)(2) of the Federal Rules of Civil Procedure shall be made at least thirty (30) days before the trial date or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified in the other party's expert disclosure, within fifteen (15) days after the disclosure made by the other party. The parties shall supplement these disclosures as required by Rule 26(a)(2).

### C. DISCOVERY SCOPE AND GUIDELINES

Plaintiff will seek discovery regarding all issues pled in the Complaint as amended, including but not limited to defendants' policies and procedures, the basis of his suspension and revocation of the intra-district transfer, his claimed physical, mental and emotional condition and the nature and extent of the plaintiff's damages.

Defendants will seek discovery regarding the basis for plaintiff's claims, plaintiff's residency status, his school performance and history, plaintiff's history of disciplinary actions, plaintiff's conduct and statements while on public school

grounds, the legitimate non-retaliatory reasons for plaintiff's suspension and revocation of his intra-district transfer, plaintiff's claimed damages, plaintiff's alleged injuries and damages, including, but not limited to, any alleged physical, psychological, mental or emotional injuries suffered by him, and plaintiff's efforts, if any, to mitigate his alleged damages.

The parties agree that discovery should not be conducted in phases and should not be limited to or focused upon any particular issue.

### D. OTHER DISCOVERY LIMITATIONS

The parties agree that no changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure and/or the Court's Local Rules, with the exception of FRCP 30 and expert discovery deadlines as provided in section VII(b) of this Report. The parties also agree that the limitation on the length of depositions set forth in FRCP 30 should not apply to this action, and that both parties shall be permitted to take one deposition which lasts up to two days. Additionally, the parties agree that there is no need for any orders under Rule 26(c) or Rules 16(b) and (c) apart from a Scheduling Order reflecting the dates proffered by counsel below.

## VIII. TRIAL FORM AND LENGTH

Plaintiff and Defendants seek to try this case to a jury. The parties estimate that the civil jury trial will be 5 days in duration.

## IX. OTHER ISSUES AFFECTING THE STATUS OR MANAGEMENT OF THE CASE

The parties are presently not aware of any other issues that would affect the status or management of the case.

## X. PROPOSED DATES

1. Amended Pleadings and Addition of Parties cut-off: JANUARY 4, 2011

2. Discovery cut-off: MARCH 1, 2011

3. Law and Motion cut-off: MARCH 15, 2011

4. Summary Judgment Motion cut-off: MARCH 15, 2011

5. Expert Discovery cut-off: APRIL 19, 2011

///

///

///

///

6. Pretrial conference date: MAY 10, 2011

7. Trial date: JUNE 7, 2011

Dated: September 20, 2010     UTZURRUM LAW OFFICES, A.P.C.

By: _____
JOE UTZURRUM, ESQ.
Attorneys for Plaintiff
MATHEW DAVIS

Dated: September 20, 2010     LOS ANGELES COUNTY COUNSEL OFFICE

By: _____
JOSEPH LANGTON, ESQ.
Attorneys for Defendant
SCOTT SHINAGAWA

Dated: September 20, 2010     DOUMANIAN & ASSOCIATES

By: _____
NANCY P. DOUMANIAN, Esq.
Attorneys for Defendants ZAVEN SHAMOYAN, a *public employee*, MICHAEL F. ESCALANTE, *a public employee*, LINDA EVANS, *a public employee*, CHRISTOPHER COULTER, *a public employee*, MARK BROWN, *a public employee*, SUNGSOOK KIM, *a public employee*, CHARLOTTE SASSOUNIAN, *a public employee*, TAMAR KATAROYAN, *a public employee*, and H.A. PAZ, a *public employee*

-13-
RULE 26(f) - JOINT REPORT

6. Pretrial conference date: MAY 10, 2011

7. Trial date: JUNE 7, 2011

Dated: September 20, 2010        UTZURRUM LAW OFFICES, A.P.C.

By: _____
**JOE UTZURRUM, ESQ.**
Attorneys for Plaintiff
MATHEW DAVIS

Dated: September 20, 2010        LOS ANGELES COUNTY COUNSEL OFFICE

By: _____
**JOSEPH LANGTON, ESQ.**
Attorneys for Defendant
SCOTT SHINAGAWA

Dated: September 20, 2010        DOUMANIAN & ASSOCIATES

By: _____
NANCY P. DOUMANIAN, Esq.
Attorneys for Defendants ZAVEN SHAMOYAN, *a public employee*, MICHAEL F. ESCALANTE, *a public employee*, LINDA EVANS, *a public employee*, CHRISTOPHER COULTER, *a public employee*, MARK BROWN, *a public employee*, SUNGSOOK KIM, *a public employee*, CHARLOTTE SASSOUNIAN, *a public employee*, TAMAR KATAROYAN, *a public employee*, and H.A. PAZ, a *public employee*

-13-
RULE 26(f) – JOINT REPORT

6. Pretrial conference date: MAY 10, 2011

7. Trial date: JUNE 7, 2011

Dated: September 20, 2010        UTZURRUM LAW OFFICES, A.P.C.


By:_____
   **JOE UTZURRUM, ESQ.**
   Attorneys for Plaintiff
   MATHEW DAVIS


Dated: September 20, 2010        LOS ANGELES COUNTY COUNSEL OFFICE


By:_____
   **JOSEPH LANGTON, ESQ.**
   Attorneys for Defendant
   SCOTT SHINAGAWA


Dated: September 20, 2010        DOUMANIAN & ASSOCIATES


By:_____
   NANCY P. DOUMANIAN, Esq.
   Attorneys for Defendants ZAVEN SHAMOYAN, *a public employee*, MICHAEL F. ESCALANTE, *a public employee*, LINDA EVANS, *a public employee*, CHRISTOPHER COULTER, *a public employee*, MARK BROWN, *a public employee*, SUNGSOOK KIM, *a public employee*, CHARLOTTE SASSOUNIAN, *a public employee*, TAMAR KATAROYAN, *a public employee*, and H.A. PAZ, a *public employee*

-13-
RULE 26(f) - JOINT REPORT

**EXHIBIT A**

Judge Dolly M. Gee

SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET

Case No. CV10-01837-DMG (CWx)   Case Name: Davis v. Shamoyan, et.al

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| TRIAL [ ] Court [X] Jury  Duration Estimate 5 days | 6/7/11 (Tuesday) | 8:30 a.m. |
| FINAL PRETRIAL CONFERENCE ("FPTC")  4 wks before trial | 5/10/11 (Tuesday) | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off | 90 days after scheduling conf | 1/4/11 |
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 10 wks before FPTC | 3/1/11 |
| Motion Cut-Off (filing deadline) | at least 8 wks before FPTC | 3/15/11 |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | 3/8/11 |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | 4/5/11 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | 4/19/11 |
| Settlement Conference Completion Date | at least 4 wks before FPTC | 4/12/11 |
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | 4/19/11 |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | 4/26/11 |
| Other Dates (e.g., class cert motion cut-off, early mediation, etc.) | at least 90 days after complaint served (unless longer time justified) | |

EXHIBIT A